IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CLARENCE MCNAIR, DOC #292-770** \* <br> **Western Correctional Institute** \* <br> **13800 McMullen Highway SW** \* <br> **Cumberland, Maryland 21502** \* <br> \* <br> **Plaintiff** \* <br> \* <br> v. \* <br> \* <br> **ANDRE MACKEY** \* <br> \* <br> **Defendants** \* <br> \* | Civil No.: L-02-2281 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**NOTICE OF FILING OF HIGHLIGHTED COPY OF AMDENDED COMPLAINT**</u>

Pursuant to Local Rule 103(6)(c), attached to this notice is a highlighted copy of the Amended Complaint filed on behalf of Plaintiff, Clarence McNair ("Plaintiff"), in the above-captioned action. As the original Complaint was prepared, *pro se*, by the Plaintiff, the entire text of the Amended Complaint is new and original, though it follows from the essential facts and claims set forth in the original.

Respectfully submitted,

/s/ Mont Brownlee III

Mont Brownlee III
Federal Bar No. 25903
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4000

Attorney for Plaintiff,
Clarence McNair

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of June 2003, a copy of the foregoing Notice of Filing of Highlighted Copy of Amended Complaint was mailed, first class, postage prepaid, to:

>Glenn T. Marrow, Esquire
>Assistant Attorney General
>Department of Public Safety and Correctional Services
>Plaza Office Center
>Suite 313, 6776 Reisterstown Road
>Baltimore, MD  21215-2341

>_____
>Mont Brownlee III

487651

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLARENCE MCNAIR, DOC #292-770 <br> Western Correctional Institute <br> 13800 McMullen Highway SW <br> Cumberland, Maryland 21502 <br><br> Plaintiff <br><br> v. <br><br> ANDRE MACKEY <br><br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br><br><br> Civil No.: L-02-2281 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMDENDED COMPLAINT

Plaintiff, Clarence McNair ("Plaintiff"), for his cause of actions against Defendant, Correctional Officer Andre Mackey states as follows:

This is an action to redress the deprivation by Defendant of rights secured to the Plaintiff by the United States Constitution and the laws of the United States of America. The Defendant violated Plaintiff's Eight and Fourteenth Amendments rights by using excessive and unreasonable force against the Plaintiff while he was in his custody during the early morning hours of September 14, 1999.

## PARTIES

1.  Plaintiff, Clarence McNair (hereinafter "Plaintiff"), is currently incarcerated at the Western Correctional Institution in Cumberland, Maryland. During all times mentioned in this

Amended Complaint, the Plaintiff was, and he still is, an adult citizen of the United States of America.

2. Defendant, Andre Mackey (hereinafter "Defendant"), is a Correctional Officer for the Maryland Division of Pretrial Detention and Services who was stationed at the Baltimore Central Booking and Intake Center on September 13 and 14, 1999. While this Defendant was a duly appointed officer acting in his official capacity, he is only sued in his individual capacity.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C.A §§1331, 1343(a)(3), and 1343(a)(4).

4. Venue is proper in this judicial district pursuant to 28 U.S.C.A §1391(b) in that, upon information and belief, the Defendant resides in this district and the acts complained of herein were committed by Defendant within this judicial district.

5. This Court has personal jurisdiction over the Defendant because the performance of his official duties within the State of Maryland. Moreover, Defendant committed the acts complained of herein within the State of Maryland and has caused injury to Plaintiff within the State of Maryland.

## FACTS

6. On the evening of September 13, 1999, Plaintiff was arrested and taken to the Baltimore Central Booking and Intake Center ("BCBIC"). In the course of being processed at BCBIC, Plaintiff was singled out by the BCBIC staff and placed in a cell by himself. Plaintiff was left in this cell alone for over 2 hours.

7. At approximately 2:00 A.M. on September 14, Defendant Andre Mackey presented at the cell and indicated for Plaintiff to come with him. Plaintiff exited the cell and was led by Defendant down the hallway outside the cell door. Plaintiff, who was walking just ahead of Defendant, turned to ask Defendant where he was being taken.

8. As Plaintiff turned to speak to Defendant, the Defendant – unprovoked – struck Plaintiff forcefully in the face, knocking him unconscious. As a result of Defendant's assault, Plaintiff suffered serious injury to his head and face, including among other injuries, a broken jaw.

9. Plaintiff, while still unconscious, was transported by ambulance, first to Johns Hopkins Hospital, and ultimately to the University of Maryland Medical Center for treatment of the injuries that he received at the hand of the Defendant. On September 14, 1999, he underwent surgery to repair his jaw at the University of Maryland Medical Center. Following this surgery, Plaintiff required a lengthy convalescence at the University of Maryland Medical Center and at a penitentiary hospital.

10. As a direct result of the injuries inflicted by Defendant, Plaintiff suffered great physical pain, experienced a prolonged loss of consciousness, has undergone major surgery, and has had to be fitted with various dental prostheses. Plaintiff has suffered, and continues to suffer, great pain, irritation, discomfort, disfigurement, humiliation and mental anguish.

## COUNT I

42 U.S.C. §1983 Violation: The Eighth Amendment and Unreasonable Force

11. Plaintiff incorporates by reference paragraphs 1-10 as if fully set forth in Count I.

12. Defendant, Correctional Officer Andre Mackey, deprived the Plaintiff of his rights secured by the Eighth Amendment of the United States Constitution and 42 U.S.C. §1983 against cruel and unusual punishment when, for the purposes of causing harm and punishment, he wantonly, maliciously, and sadistically assaulted Plaintiff without justification.

13. While Correctional Officer Andre Mackey was a duly appointed officer acting in his official capacity, he is only being sued in his individual capacity. As such, he is a "person" as defined by 42 U.S.C. §1983.

14. Correctional Officer Andre Mackey's deprivation of the Plaintiff's rights was done under the color of state law under the Fourteenth Amendment and as defined by 42 U.S.C. §1983 as his action can be fairly attributed to the state as he was a state actor performing his official duties on September 13 and 14, 1999 when he assaulted the Plaintiff.

## COUNT II

42 U.S.C. §1983 Violation: The Fourteenth Amendment and the Due Process Clause

15. Plaintiff incorporates by reference paragraphs 1-14 as if fully set forth in Count II.

16. Defendant, Correctional Officer Andre Mackey, deprived the Plaintiff of his rights to life, liberty, and property, secured by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983 when he, for the purposes of causing harm and punishment, engaged in conduct that shocks the conscience by wantonly, maliciously, and sadistically assaulting Plaintiff without justification.

17. While Correctional Officer Andre Mackey was a duly appointed officer acting in his official capacity, he is only being sued in his individual capacity. As such, he is a "person" as defined by 42 U.S.C. §1983.

4

18. Correctional Officer Andre Mackey's deprivation of the Plaintiff's rights was done under the color of state law under the Fourteenth Amendment and as defined by 42 U.S.C. §1983 as his action can be fairly attributed to the state as he was a state actor performing his official duties on September 13 and 14, 1999 when he assaulted the Plaintiff.

WHEREFORE, the Plaintiff claims judgment against the Defendant as follows:

A. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

B. Punitive damages in an amount this Court shall consider to be just, reasonable and fair; and

C. Any such other relief as this Court shall consider to be fair and equitable.

Respectfully submitted,

*(signature)*

Mont Brownlee III
Federal Bar No. 25903
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4000

Attorney for Plaintiff,
Clarence McNair

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June 2003, a copy of the foregoing Amended Complaint was mailed, first class, postage prepaid, to:

>Glenn T. Marrow, Esquire
>Assistant Attorney General
>Department of Public Safety and Correctional Services
>Plaza Office Center
>Suite 313, 6776 Reisterstown Road
>Baltimore, MD 21215-2341

_____
Mont Brownlee III

487157